**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen – Partner
Direct E-Mail Address: jamie@mllaborlaw.com
Direct Dial: (516) 303-1391

February 8, 2017

**Via ECF**

Honorable Allyne R. Ross, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Cruz et al v. Plaza Motors of Brooklyn, Inc.**
        **Index No. 16-CV-06177 (ARR)(CLP)**
        **MLLG File No. 206-2016**

Dear Judge Ross:

      This firm represents Defendant Plaza Motors of Brooklyn, Inc. ("Plaza") in the above referenced matter.

      On January 27, 2017, Plaza filed a pre-motion conference with respect to its anticipated Motion to Dismiss the first, second, third, and fourth causes of action contained in the Complaint. Yesterday, Plaintiffs filed an Amended Complaint, which contains claims that are still deficient warranting dismissal. As such, this letter shall serve as Plaza's (1) request for a pre-motion conference with respect to its anticipated Motion to Dismiss the first, second, third, and fourth causes of action contained in the Amended Complaint[1]; and (2) request for a stay of (a) the initial conference scheduled for Friday, February 10, 2017 before Magistrate Judge Pollak[2]; and (b) discovery, until Plaza's motion to dismiss has been decided.

    **1.   Plaintiffs Are Exempt From Overtime As "Partsmen"**

      In their first and third causes of action, Plaintiffs allege they were not paid time and one-half for hours they worked in excess of forty each week. However, Plaintiffs are exempt from

---

[1] With regard to the fifth cause of action for an alleged violation of NYLL § 195 for failure to provide wage notices (which Plaza, in fact, provided to Plaintiffs), the Court should not exercise supplemental jurisdiction.

[2] Plaza requested an adjournment with Judge Pollak, but she denied the request until and unless your Honor stays discovery. [Dkt. #16].

Honorable Allyne R. Ross, U.S.D.J.
United States District Court Eastern District of New York
February 8, 2017
P a g e | 2

overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") under the "partsman exemption" which excludes from the overtime payment requirement "[1] any salesman, partsman, or mechanic [2] primarily engaged in selling or servicing automobiles, trucks, or farm implements … if he is employed by [3] a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers[.]" See 29 U.S.C. § 213(b)(10)(A); adopted by 12 N.Y. COMP. R. & REGS. § 142-2.2.

### a. Plaintiffs Fell Within the Regulatory Definition of "Partsman"

The applicable regulation promulgated pursuant to the FLSA defines "partsman" as "any employee employed for the purpose of and primarily engaged in requisitioning, stocking, and dispensing parts." 29 C.F.R. § 779.372(c)(2). Here, Plaintiffs Antonio Cruz ("Cruz"), Angel Arroyo ("Arroyo") and Reynaldo Munoz ("Munoz") each allege that they were employed as a "parts counterperson." [Dkt. #17, ¶¶s 13-15]. They further allege that in that position, their primary duties "included ordering and selling automobile parts to customers, and organizing the inventory." [Dkt. #17, ¶ 16]. Thus, based on Plaintiffs' allegations, they fell within the regulatory definition of "partsman."

### b. Plaintiffs Were Primarily Engaged in Selling or Servicing Vehicles

The partsman exemption applies only to partsmen "primarily engaged in selling or servicing automobiles, trucks, or farm implements[.]" 29 U.S.C. § 213(b)(10)(A) (emphases supplied).

Where, as here, the partsman is paid at least in part on a commission basis, the partsman is considered to be primarily engaged in selling or servicing automobiles. See McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp.2d 383 (E.D.N.Y. 2010) (holding that the plaintiffs were not exempt as "servicing" automobiles because they did not have a commission component to their wages) citing 112 Cong. Rec. 11289 (1966); 112 Cong. Rec. 11290 (1966); see also Buehlman v. Ide Pontiac, Inc., 2016 U.S. Dist. LEXIS 154054 (W.D.N.Y. Nov. 7, 2016) (same); Brennan v. Deel Motors, Inc., 475 F.2d 1095, 1097-1098 (5th Cir. Fla. 1973) (service salesmen were within FLSA exemption; they "receive[d] a substantial part of their remuneration from commissions and therefore [were] more concerned with their total work product than with the hours performed" and their hours might "be irregular depending on the special needs of their customers"); Dayton v. Coral Oldsmobile, 684 F. Supp. 290, 292 (S.D. Fl. 1988) (holding partsman paid on a salary-plus-commission basis to be within FLSA exemption; nature of employee's remuneration "is important in determining whether the job performed was exempt from the FLSA").

In addition to alleging that their primary duties "included ordering and selling automobile parts to customers, and organizing the inventory", Plaintiffs allege that commissions constituted up to 25% of their total earnings in any pay period. [Dkt. #17, ¶ 41]. In response to Plaza's January 27, 2017 pre-motion conference letter, Plaintiffs filed an Amended Complaint that adds the following allegations:

Honorable Allyne R. Ross, U.S.D.J.
United States District Court Eastern District of New York
February 8, 2017
P a g e | 3

- "Plaintiffs … work scheduled did not depend on or vary based on the special needs of their customers; they worked regular hours." [Dkt. #17, ¶ 27]
- "Plaintiffs … commissions did not equal 50% or more of their total earnings in any pay period." [Dkt. #17, ¶ 42]
- "The most substantial component to Plaintiffs … total compensation is their hourly wages, not commission." [Dkt. #17, ¶ 43]
- "The bulk of Plaintiffs … compensation was their hourly wages." [Dkt. #17, ¶ 44]
- "Plaintiffs … are more focused on the total number of hours they work in a week, not total amount of sales they make in a week." [Dkt. #17, ¶ 45]

These new allegations are insufficient to defeat Plaza's anticipated motion to dismiss. The legislative history makes "clear that it was the intent of Congress to exempt from overtime compensation those dealership employees who worked irregular and/or seasonal hours and/or were paid on a commission basis." McBeth, 768 F. Supp.2d at 388 citing 112 Cong. Rec. 11289 (1966); 112 Cong. Rec. 11290 (1966) (emphasis added). Thus there is no requirement that employees work irregular hours in order to fall under the exemption so long as they were paid on a commission basis. McBeth, 768 F. Supp.2d at 390 (noting that the case was "close" when it held that the exemption did not apply since the Court was "swayed by the facts that [the] [p]laintiffs worked regular hours, and were not paid on a commission basis."); see also Dayton v. Coral Oldsmobile, 684 F. Supp.290, 292 (S.D. Fl. 1988) (holding partsman paid on a salary-plus-commission basis to be within FLSA exemption; nature of employee's remuneration "is important in determining whether the job performed was exempt from the FLSA").

In McBeth and Buehlman, unlike this case, the plaintiffs received no commissions. In addition to the hourly wages paid to the plaintiffs in McBeth and Buehlman, the plaintiffs received additional pay based upon dealership sales, and not on their own individual performances. Here, to the contrary, Plaintiffs allege they were paid "commission on their sales, which equaled at most 25% of their total earnings for that pay period." [Dkt. #17, ¶ 41] (emphasis added). Accordingly, based on Plaintiff's allegation that they were paid "commission on their sales", their compensation was tied to and they were more concerned with their job performance rather than the hours performed.

Because Plaintiffs were primarily engaged in servicing automobiles and their compensation included commissions earned based on their own individual performances, the second prong of the exemption test is satisfied.

### c. Plaza Is A Nonmanufacturing Establishment Primarily Engaged in the Business of Selling Vehicles

The regulations provide that "[a]s applied to the establishment, primarily engaged means that over half of the establishments [sic] annual dollar volume of sales made or business done must come from sales of the enumerated vehicles." 29 C.F.R. § 779.372(d). Plaintiffs allege, "Plaza Motors is an automobile dealership that sells Acura, Honda, Hyundai, Kia, Scion and Toyota-manufactured cars and auto parts." [Dkt. #17, ¶ 12]. Based on this allegation, it is clear

Honorable Allyne R. Ross, U.S.D.J.
United States District Court Eastern District of New York
February 8, 2017
P a g e | **4**

that Defendant meets the third-prong of the exemption since more than half of their annual volume of business comes from sales of automobiles.

Based on the foregoing, Plaintiffs were exempt from overtime warranting dismissal of their overtime claims.

### 2. Plaintiffs Were Paid At Least Minimum Wage For All Hours Worked

In their second and fourth causes of action, Plaintiffs allege that they should be paid for the off-the-clock hours worked above forty (40) hours in any given week. They allege violations under FLSA and NYLL because allegedly one hour per shift was deducted from their pay for meal breaks which they were not always permitted to take.

Since Plaintiffs are covered by the partsmen exemption as discussed above, Plaza was only required to pay them minimum wage for all hours worked, including hours in excess of forty each week. Under both the FLSA and NYLL, a minimum wage claim is stated only if the total compensation for the week divided by the total hours equals less than the minimum wage. See Hanming Feng v. Soy Sauce LLC, 2016 U.S. Dist. LEXIS 32820, 7-8 (E.D.N.Y. Mar. 14, 2016) citing United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960) (holding that there is no FLSA minimum wage violation "if the total wage paid to [the worker] during any given week is divided by the total time he worked that week, [and] the resulting average hourly wage exceeds [the minimum]."); McGlone v. Contract Callers Inc., 114 F. Supp. 3d 172, 173 (S.D.N.Y. 2015).

Here, Plaintiffs allege that Plaza automatically deducted a one-hour lunch break although they allegedly did not work with an uninterrupted one-hour lunch break each day. [Dkt. #17, ¶¶s 31, 32]. However, Plaintiffs allege that they were paid hourly wage rates well above the minimum wage (and were also paid an additional amount in commissions). Indeed, Cruz was paid an hourly wage rate between $13.50 and $15.50 plus commissions, Arroyo was paid an hourly wage rate of $12.50 plus commissions, and Munoz was paid an hourly wage rate of $13.50 plus commissions during the relevant period. [Dkt. #17, ¶¶s 36-38]. The minimum wage rate ranged from $7.25 to $9 during the relevant period. Plaintiffs claim they are entitled to at most five (5) hours of unpaid wages per week, which equates to a maximum of $45 per week (assuming $9 minimum wage rate). Plaintiffs' total compensation (e.g. their regular rate plus commissions) is sufficient to cover the alleged $45 maximum difference in pay because Plaintiffs allege they worked between 40 and 50 hours per week and were paid more than $3 above minimum wage for all hours listed on payroll along with up to 25% of their hourly wages in commission.

Accordingly, Plaintiffs have not sufficiently alleged minimum wage claims under FLSA and NYLL.

### 3. Discovery Should Be Stayed Pending the Outcome of Plaza's Motion to Dismiss

Honorable Allyne R. Ross, U.S.D.J.
United States District Court Eastern District of New York
February 8, 2017
P a g e | 5

      Courts routinely stay discovery while a motion to dismiss is pending.  See Kirschner v. Fitzsimons (In re Tribune Co. Fraudulent Conveyance Litig.), 2017 U.S. Dist. LEXIS 3039, *10 (S.D.N.Y. Jan. 6, 2017); New York v. Grand River Enters. Six Nations, Ltd., 2016 U.S. Dist. LEXIS 117801 (W.D.N.Y. Aug. 30, 2016); Spinelli v. NFL, 2016 U.S. Dist. LEXIS 92996 (S.D.N.Y. July 15, 2016).  Because Plaza seeks dismissal of all claims under Fed. R. Civ. Proc. 12(b)(6), a stay of discovery is warranted.

                        Respectfully submitted,

                        **MILMAN LABUDA LAW GROUP PLLC**

                        /s/ Jamie S. Felsen, Esq.

cc:      All counsel of record (via ECF)
           Client (via e-mail)