## MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen – Partner
Direct E-Mail Address: jamie@mllaborlaw.com
Direct Dial: (516) 303-1391

February 13, 2017

**Via ECF**
Honorable Allyne R. Ross, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:    Cruz et al v. Plaza Motors of Brooklyn, Inc.**
**Index No. 16-CV-06177 (ARR)(CLP)**
**MLLG File No. 206-2016**

Dear Judge Ross:

This firm represents Defendant Plaza Motors of Brooklyn, Inc. ("Plaza") in the above referenced matter. Plaza respectfully submits this letter in opposition to Plaintiffs' February 13, 2017 letter requesting a pre-motion conference concerning their anticipated motion to certify their FLSA claims as a collective action.

Plaintiffs should be precluded from filing a motion for collective action because such a motion would be premature. Indeed, Defendants will be filing a motion to dismiss the Amended Complaint in lieu of an Answer on the ground that Plaintiffs were exempt from overtime. A motion for a collective action must await a ruling on that motion. See Auffray v. FXFL, LLC, 2016 U.S. Dist. LEXIS 159475 (S.D.N.Y. Nov. 16, 2016) ("Because Mr. Halem's motion [to dismiss FLSA claims based on an FLSA exemption], if successful, would completely eliminate Plaintiffs' claims under the FLSA, Plaintiffs' motion for conditional certification of a collective action is denied without prejudice to renewal in the event that Mr. Halem's motion to dismiss is denied by the Court"); see also Vengurlekar v. Silverline Techs., Ltd., 220 F.R.D. 222, 230 (S.D.N.Y. 2003) (denying motion for collective action where plaintiffs were exempt from overtime).

In this case, Plaintiffs' FLSA claims concern alleged overtime violations. If the Court grants Plaza's motion to dismiss Plaintiffs' FLSA claims, there will be no FLSA claims for which a collective action can be certified.

In the two cases relied on by Plaintiffs wherein motions for collective actions were granted despite arguments concerning exemption status, the defendants did not move to dismiss the complaint based on the exemption, as Plaza will be doing in this case.

Honorable Allyne R. Ross, U.S.D.J.
United States District Court Eastern District of New York
February 13, 2017
P a g e | 2

      If, notwithstanding the premature nature of Plaintiffs' anticipated motion for collective action, they choose to file the motion, the statute of limitations on the FLSA claims of putative collective action members should not be tolled.

      Under 29 U.S.C. § 256, the statute of limitations period continues to run with respect to each potential opt-in's collective action claim until that plaintiff files a written consent form opting into the suit. Notwithstanding the text of 29 U.S.C. § 256, Plaintiffs seek a blanket rule tolling the statute of limitations each time a plaintiff files a motion for collective action. While the Court has discretion to toll a statute of limitations under exceptional circumstances such as in circumstances where an individual was prevented in some extraordinary way from exercising his or her rights (Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013)), the Court does not have the authority to rewrite 29 U.S.C. § 256.

      Plaintiffs incorrectly argue that the claims of the putative collective action members will be diminished or extinguished. Nothing is preventing the putative collective action members from commencing an action against Plaza as Plaintiffs did. It is not the responsibility or obligation of a plaintiff's attorney or the Court to notify potential opt-ins about potential claims they may have against Defendants. As succinctly stated by the Western District of New York:

> Pursuit of that right is not dependent on the commencement or certification of a collective action, and a reasonably diligent person could have acted by pursuing an individual or collective action for relief.

Hinterberger v. Catholic Health Sys., 2009 U.S. Dist. LEXIS 97944, at *47 (W.D.N.Y. Oct. 20, 2009) and Gordon v. Kaleida Health, 2009 U.S. Dist. LEXIS 95729, at *41-42 (W.D.N.Y. Oct. 13, 2009).

      Plaintiffs have not identified an exceptional circumstance for the Court to toll the statute of limitations. Therefore, their request to toll the statute of limitations must be denied. See Alcantara-Flores v. Vlad Restoration Ltd, 2017 U.S. Dist. LEXIS 14824, *6 (E.D.N.Y. Feb. 2, 2017); Garcia v. Chipotle Mexican Grill, Inc., 2016 U.S. Dist. LEXIS 153531, *31-32 (S.D.N.Y. Nov. 3, 2016); Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016); Ramos v. PJJK Rest. Corp., 2016 U.S. Dist. LEXIS 36324, *15-16 (S.D.N.Y. Mar. 10, 2016).

      Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.

cc:    All counsel of record (via ECF)