# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen - Partner
Direct E-Mail Address: <u>jamiefelsen@mllaborlaw.com</u>
Direct Dial: (516) 303-1391

August 1, 2017

**<u>Via Facsimilie & (718) 613-2365 ECF</u>**

Cheryl L. Pollak, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **<u>Cruz et al v. Plaza Motors of Brooklyn, Inc.</u>**
   **<u>Index No. 16-CV-06177 (ARR)(CLP)</u>**
   **<u>MLLG File No. 206-2016</u>**

Dear Judge Pollak:

   This firm represents Defendant Plaza Motors of Brooklyn, Inc. in the above referenced matter. Defendant opposes Plaintiff's request for leave to file a First Amended Complaint.

   A motion to amend a complaint may be denied for any of the following reasons: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

   Initially, Plaintiffs' motion to amend the Complaint must be denied because Plaintiffs have not submitted a proposed First Amended Complaint with their motion.  <u>Gurvey v. Cowan, Liebowitz & Latman, P.C.</u>, 2013 U.S. Dist. LEXIS 99268, *18 (S.D.N.Y. July 15, 2013)

   Moreover, Plaintiffs' motion must be denied because the proposed claim for retaliation under the Fair Labor Standards Act ("FLSA") is futile.

   A proposed amendment is futile if the proposed claim could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  <u>Lucente v. IBM Corp.</u>, 310 F.3d 243, 258 (2nd Cir. 2002).  A claim can only withstand a Rule 12(b)(6) motion if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Cheryl L. Pollak, U.S.M.J.
United States District Court Eastern District of New York
August 1, 2017
P a g e | 2

To state a claim for FLSA retaliation, Plaintiff must allege "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action."  Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010).

In their motion to amend the complaint, Plaintiffs Arroyo and Cruz allege that Defendant retaliated against them in violation of the FLSA by (1) terminating their employment; and (2) commencing a lawsuit against them in state court.

On July 11, 2017, Arroyo and Munoz were suspended by Defendant pending an investigation that began as the result of a customer illegally removing parts from Defendant's premises earlier that day.  The investigation uncovered that (1) the theft was caught on surveillance video and Arroyo and Munoz were speaking with the customer and a passenger in his car while the customer was placing the stolen parts in his car trunk; (2) the customer was called by one of Defendant's employees and specifically told when parts would be discarded and available for the customer to retrieve; and (3) Arroyo and Munoz had been giving parts to said customer along with another customer who is related to Munoz for which money was not paid to Defendant.

On July 14, 2017, before Defendant reported back to Munoz and Arroyo regarding the investigation, Munoz handed in his uniforms and resigned his employment.  Because Munoz resigned his employment, he did not suffer an adverse employment action, and he cannot establish the second requirement of a retaliation claim.

Additionally, neither Plaintiff can establish a causal connection between the protected activity and the adverse employment action.

"[W]ithin this Circuit, a lapse of more than two months between the protected activity and the adverse employment action generally suffices to sever any inferred causal relationship." Silverio v. United Block Ass'n, 2015 U.S. Dist. LEXIS 5551, *12 (S.D.N.Y. Jan. 14, 2015) quoting Dunn v. City Univ. of New York, 2012 U.S. Dist. LEXIS 188608, 2012 WL 5511607, at *5 (S.D.N.Y. Nov. 14, 2012); Murray v. Visiting Nurse Servs. of N.Y., 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) (collecting cases and concluding that "district courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation.").

The federal lawsuit which Munoz and Arroyo allege constitute the protected activity was filed on November 7, 2016 – more than eight (8) months before their employment with Defendant terminated.  Accordingly, there can be no inference of retaliatory animus based on the timing of the alleged adverse action.

There was no retaliatory animus engaged in by Defendant.  Munoz and Arroyo remained employed by Defendant for eight (8) months following their commencement of the federal lawsuit without any complaint or allegation by them of retaliatory animus.  Defendant took no

action against Munoz and Arroyo until it was uncovered that Munoz and Arroyo participated in and aided and abetted the theft of Defendant's parts from its premises. Munoz and Arroyo do not deny that they participated in and aided and abetted the theft of Defendant's parts from its premises.

In their motion, Munoz and Arroyo conveniently mischaracterize the state court action to allege that they had been engaging in this conduct – with Defendant's knowledge – throughout their employment which commenced in 2013 and Defendant waited until now to terminate them.[1] However, the state court Complaint does not allege that Defendant knew that Munoz and Arroyo had been giving away parts to customers throughout their employment. It merely alleges that it occurred "during" their employment without a specific date. It was not until Defendant learned that Munoz and Arroyo were involved in this conduct in July 2017 that Defendant took action.

Munoz and Arroyo also argue that Defendant should have sought leave to amend their Answer to assert as counterclaims the claims they assert in the state court action. However, there is no basis for the Court to exercise supplemental jurisdiction over the claims in the state court action. Under 28 U.S.C. § 1367(a) the Court has supplemental jurisdiction over other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. See Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 468-469 (S.D.N.Y. Aug. 28, 2008) (in FLSA case, dismissing counterclaims related to faithless servant doctrine as they did not arise out of a common nucleus of operative fact); Mori v. E1 Asset Mgmt., 2016 U.S. Dist. LEXIS 27911 (S.D.N.Y. Jan. 28, 2016) (same); Laracuente v. Major Otis LLC, 2016 U.S. Dist. LEXIS 64878 (E.D.N.Y. May 17, 2016)(same); Moran v. Tryax Realty Mgmt., 2016 U.S. Dist. LEXIS 68150 (S.D.N.Y. May 23, 2016)(same); Deac v. Il Postino, Inc., 2014 U.S. Dist. LEXIS 126319, 2014 WL 4437311 (E.D.N.Y. Aug. 15, 2014) (collecting cases holding that employment relationship is insufficient to create a "common nucleus of operative fact", and refusing to exercise supplemental jurisdiction over plaintiff's state and municipal discrimination claims and common law claim as they did not arise out of the same case or controversy as his FLSA claim).

The claims asserted in the state court action – which stem from the conduct of Munoz and Arroyo concerning the theft of parts – have nothing to do with the federal wage claims of Munoz and Arroyo.[2] Even assuming *arguendo* that Defendant wanted to try these claims in federal court, they would need to be tried separately from Plaintiffs' wage claims.[3]

---

[1] According to this illogical argument, this conduct was happening throughout their employment but Defendant waited until eight (8) months after the federal action was commenced to terminate them.

[2] The only connection to the wage claims is that if Defendant prevails on the state court claim under the faithless servant doctrine, the claims by Arroyo and Munoz for unpaid wages will become a nullity as all wages paid and earned will be disgorged during the periods that they were disloyal.

[3] Contrary to the argument by Munoz and Arroyo that Defendant is "forcing Plaintiffs to litigate two separate actions", it was the conduct of Munoz and Arroyo that led to the commencement of the state court action. But for

Cheryl L. Pollak, U.S.M.J.
United States District Court Eastern District of New York
August 1, 2017
P a g e | **4**

    Munoz and Arroyo also argue that the state court action reflects negatively on their reputation because it accuses them of stealing from Defendant for years.  However, they do not allege any facts that could plausibly suggest that their reputations have been negatively affected by the state court lawsuit.  They do not allege any manner in which they have suffered as the result of the commencement of the state court action (which they only know was filed because Defendant's counsel asked their counsel if he would accept service of the complaint).

    To allow Plaintiff's FLSA retaliation claim to proceed would require the Court to establish a per se rule precluding a defendant being sued by a plaintiff for an alleged FLSA violation to commence a separate action against the plaintiff for unlawful conduct engaged in by the plaintiff.  However, there is no legal support for this harsh proposition.  Such a blanket rule precluding a defendant in an FLSA action from taking legal action against an individual merely because that individual has beat the defendant to the courthouse by asserting an FLSA claim would deprive a defendant of its constitutional right to commence legal actions.  Indeed, a party's "right to file a lawsuit without liability is unimpeachable unless the suit is a 'sham,' meaning 'objectively baseless.'  Only if a lawsuit is so utterly devoid of merit as to qualify as 'objectively baseless' does the filing party's subjective motive for commencing the action become relevant."  Ginx, Inc. v. Soho Alliance, 720 F. Supp. 2d 342, 363 (S.D.N.Y. 2010) quoting Prof'l Real Estate Investors Inc. v. Columbia Pictures Indus., 508 U.S. 49, 60, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993).  In this case, Munoz and Arroyo do not allege nor can they establish that the state court action is "objectively baseless".

    For the foregoing reasons, Munoz and Arroyo should not be permitted to amend their complaint to add a claim for FLSA retaliation.

                            Respectfully submitted,

                            **MILMAN LABUDA LAW GROUP PLLC**

                            /s/ Jamie S. Felsen, Esq.

cc:    All counsel of record (via ECF)

---

the participation in the theft of Defendant's parts from its premises by Munoz and Arroyo – which they do not deny – an action would not have been filed in state court.