```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ANTONIO CRUZ et al.,

                        Plaintiffs,                REPORT AND RECOMMENDATION
            -against-                              16 CV 6177 (ARR) (CLP)

PLAZA MOTORS OF BROOKLYN, INC.,

                        Defendant.
------------------------------------------------------------ X
```

**POLLAK**, United States Magistrate Judge:

On November 7, 2016, Antonio Cruz, Angel Arroyo, and Reynaldo Munoz ("plaintiffs"), on behalf of themselves individually and all others similarly situated, filed this action against Plaza Motors of Brooklyn Inc. ("Plaza Motors" or "defendant"), seeking unpaid overtime wages, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") §§ 650 et seq., failure to pay for off-the-clock work under the FLSA and NYLL, and failure to provide § 195 notice as required by the New York Wage Theft Prevention Act ("WTPA"). Plaintiff Clayton Ramsarran opted in to this action on June 12, 2017, but has failed to comply with his discovery obligations, which has prompted the defendant to move to dismiss Ramsarran's claims for lack of prosecution. The Honorable Allyne R. Ross referred the motions to dismiss to the undersigned.

For the reasons set forth below, it is respectfully recommended that the claims of opt-in plaintiff Clayton Ramsarran be dismissed without prejudice.

BACKGROUND

On June 12, 2017, the Court conditionally certified this collective action. (See Cert. Order.,[1] June 12, 2017). Clayton Ramsarran requested to join the collective action on July 5, 2017. (See Ramsarran Consent,[2] July 5, 2017). At a conference on September 19, 2017, the Court ordered plaintiffs to provide responses to opt-in discovery by October 6, 2017. (See Minute Entry, Sept. 19, 2017, ECF No. 2017). On October 24, 2017, the defendant wrote to the Court seeking to dismiss the claims of opt-in plaintiff Clayton Ramsarran with prejudice because he failed to respond to the defendant's first set of interrogatories and requests for production by the October 6, 2017 deadline. (Def.'s Mot.,[3] Oct. 24, 2017).

On October 31, 2017, the Court issued an Order to Show Cause why Mr. Ramsarran's claims should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41 or for failure to comply with the Court's discovery orders under Federal Rule of Civil Procedure 37. (See Order to Show Cause, Oct. 31, 2017, ECF No. 62). The Order explicitly warned Mr. Ramsarran that "should be fail to appear at [the show cause hearing on December 15, 2017], the Court will construe such failure to mean that he has no desire to pursue his claims and may dismiss his claims without further warning." (See id. at 5).

Plaintiff failed to appear at the show cause hearing on December 15, 2017. (See Electronic Minute Entry, Dec. 15, 2017). The defendant then filed a renewed motion to dismiss for lack of prosecution. (See Renew Mot. to Dismiss, Dec. 27, 2017, ECF No. 66).

---

[1] Citations to "Cert. Order" refer to the Court's June 12, 2017 Order, ECF No. 43.

[2] Citations to "Ramsarran Consent" refer to the Consent to Become Party Plaintiff signed by Clayton Ramsarran and dated July 5, 2017, which was filed on July 18, 2017, ECF No. 47.

[3] Citations to "Def.'s Mot." refer to the defendant's Motion to Dismiss for Lack of Prosecution, dated October 24, 2017, ECF No. 58.

DISCUSSION

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)). The authority to dismiss a case *sua sponte* arises from a court's inherent power, and is not limited by Rule 41 of the Federal Rules of Civil Procedure. Link v. Wabash R. Co., 370 U.S. 626 (1962); accord In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013).

Plaintiff Clayton Ramsarran filed an opt-in notice on July 5, 2017, but has failed to comply with his discovery obligations and the orders of this Court, failed to maintain contact with his counsel,[4] failed to provide updated contact information to the Court or his counsel, and has otherwise failed to participate in these proceedings. The Local Rules for the Eastern District of New York, as well as the Consent to Become Party Plaintiff form, gave Mr. Ramsarran notice of the requirement that he must keep his contact information up to date. (See, e.g. Consent to Become Party Plaintiff, July 18, 2017, ECF No. 47). Nonetheless, he has failed to update the Court, and he has not communicated with his counsel in almost three months. (See, e.g., Lipsky Decl. ¶ 4, Dec. 14, 2017, ECF No. 64).

The courts are open to all persons, including those who may not have regular access to

---

[4] See the December 14, 2017 Declaration of Douglas B. Lipsky, Esq. ("Lipsky Decl."), counsel for plaintiffs, indicating that Mr. Ramsarran provided an inaccurate address when opting in, has no known e-mail address, and has not responded to counsel's eight text messages sent since October 11, 2017.

postal or telephone service.  Nonetheless, it is incumbent upon a litigant—particularly a plaintiff who seeks to avail himself of the Court's assistance to obtain relief of some sort—to monitor the progress of the case, check the docket sheet periodically (online, in person, or by phoning the Clerk of the Court), and seek to move the case forward.   The plaintiff is also under an obligation to provide and update his contact information so that the Court can provide him with Orders and other information regarding the action.  Mr. Ramsarran has done none of these things and has failed to prosecute his case.  The Court therefore concludes that the plaintiff has abandoned the litigation.

CONCLUSION

Based on the foregoing, the Court concludes that opt-in plaintiff Clayton Ramsarran has abandoned this action and respectfully recommends that his claims be dismissed without prejudice for failure to prosecute.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 10, 2018

    /s/ Cheryl L. Pollak
    Cheryl L. Pollak
    United States Magistrate Judge
    Eastern District of New York