UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Antonio Cruz et al.,<br><br>        Plaintiffs<br><br>        — against —<br><br>Plaza Motors of Brooklyn, Inc.,<br><br>        Defendant. | **16-CV-6177 (ARR) (CLP)**<br><br>**Opinion and Order**<br><br>**Not for electronic or print publication** |

ROSS, United States District Judge:

The court has received the Report and Recommendation ("R & R") on the instant case from the Honorable Cheryl L. Pollak, United States Magistrate Judge, which recommends dismissing the claims of opt-in-plaintiff Clayton Ramsarran without prejudice for failure to prosecute his claims. R & R, ECF No. 69. Defendant Plaza Motors of Brooklyn, Inc. ("Plaza") argues that Mr. Ramsarran's claims should instead be dismissed with prejudice. Mem. in Supp. of Mot. to Set Aside R & R ("Def.'s Objs."), ECF No. 75. For the following reasons, I adopt Judge Pollak's R & R in its entirety and dismiss Mr. Ramsarran's claims *without* prejudice.

## Background

After Judge Pollak conditionally certified a collective action in this FLSA case, Clayton Ramsarran returned a written form opting in as a plaintiff on July 5, 2017. Consent Form, ECF No. 47. Plaza subsequently asked Judge Pollak to dismiss Ramsarran's claims with prejudice for failure to respond to their discovery requests. First Mot. to Dismiss for Lack of Prosecution, ECF No. 58. Judge Pollak issued an order to show cause, directing Mr. Ramsarran to appear on December 15, 2017, to explain why his claims should not be dismissed. Order to Show Cause, ECF No. 62. In bolded, all-capital letters, this order "warned" Mr. Ramsarran "that should he

fail to appear at that time, the court will construe such failure to mean that he has no desire to pursue his claims and may dismiss his claims without further warning." *Id.* Plaintiff's counsel was directed to send a copy of this order to Mr. Ramsarran by regular and certified mail. *Id.* Plaintiff's counsel attempted to do so, but the U.S. Postal Service was unable to deliver this mail because Mr. Ramsarran provided him with an incorrect address. Decl. of Douglas Lipsky ¶ 2, ECF No. 64. Counsel was also unable to email this order to Mr. Ramsarran because he did not have Mr. Ramsarran's email address, and he was unable to obtain it from other named plaintiffs. *Id.* ¶ 3. Finally, plaintiff's counsel tried texting Mr. Ramsarran eight times, but Mr. Ramassaran did not respond to these text messages despite having previously responded to text messages that counsel had sent to the same phone number. *See id.* ¶ 4.

Mr. Ramsarran did not appear at the show-cause hearing on December 15. Dec. 15, 2017 Min. Entry. After he failed to appear, Plaza again moved to dismiss his claims with prejudice. Second Mot. to Dismiss for Lack of Prosecution, ECF No. 66. Judge Pollak recommended that I dismiss these claims without prejudice. Proceedings in this case were subsequently stayed due to an attempted mediation. After this mediation failed, Plaza filed partial objections to Judge Pollak's R & R on May 3, 2018. Mot. to Set Aside R & R, ECF No. 74. Mr. Ramsarran still has not appeared in this case, and counsel has not offered any explanation for his failure to do so.

## Discussion

As Plaza has objected to dismissing Mr. Ramsarran's claims without prejudice instead of with prejudice, I review that part of the R & R *de novo*. Fed. R. Civ. P. 72(b)(3). As this was the only objection, I review the rest of the R & R only for clear error. *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

While Rule 37 permits the dismissal of a civil action "in whole or in part" for failing "to provide or permit discovery," Fed. R. Civ. P. 37(b)(2), "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). Factors to be considered in determining whether to dismiss an action with (or without) prejudice "include: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Id.* (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

Here, I agree with Judge Pollak that Mr. Ramsarran's "fail[ure] to comply with his discovery obligations and the orders of this Court, fail[ure] to maintain contact with his counsel, [and] fail[ure] to provide updated contact information to the Court or his counsel," R & R at 3, warrants the harsh remedy of dismissal of his claims. Nonetheless, I do not find that the record shows the willfulness, bad faith or other fault necessary to warrant dismissal *with* prejudice. Certainly, as Judge Pollak notes, Mr. Ramsarran has an obligation to monitor this case, keep in touch with his attorney, and provide his contact information to the court and counsel. *Id.* at 4. But it is unclear whether he ever became aware of the court's order to show cause. Counsel does not have a valid mailing or email address for him, and it is entirely possible that Mr. Ramsarran has changed his phone number since the last time he responded to counsel's texts.

In short, there is no evidence that Mr. Ramsarran has displayed the kind of "sustained and willful intransigence" that prompted the Second Circuit to affirm a dismissal with prejudice in *Agiwal*. 555 F.3d at 303. In that case, the plaintiff's "communications with the Magistrate

3

Judge and opposing counsel indicate[d] that he understood the Magistrate Judge's discovery orders and realized that timely compliance was expected. Yet, over a span of approximately six months . . . Agiwal defied all of her orders, each of which warned of the possibility of sanctions, including dismissal." *Id.* Here, by contrast, it is uncertain whether Mr. Ramsarran is willfully non-compliant with court orders and his discovery obligations or instead is simply unaware of them.

Plaza cites a slew of district court decisions for the proposition that when "a plaintiff or opt-in [plaintiff] fails to prosecute his or her FLSA claims, courts routinely dismiss the claims <u>with</u> prejudice." Def.'s Objs. at 4 (collecting cases). But that does not mean that I *must* dismiss Mr. Ramsarran's claims with prejudice. At most, these cases stand for the proposition that I *may* do so. Plaza has not cited—and I am not aware of—any binding authority that requires me to dismiss Mr. Ramsarran's claims with prejudice. And I agree with Judge Pollak that the better course of action here is to dismiss Mr. Ramsarran's claims without prejudice absent proof that his failure to comply with discovery obligations or court orders was willful or in bad faith.

Having reviewed the rest of the R & R for clear error, and finding none, I adopt Judge Pollak's R & R in its entirety. Clayton Ramsarran's claims are dismissed without prejudice.[1]

So ordered.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:     May 16, 2018
           Brooklyn, New York

---

[1] If Mr. Ramsarran does later try to re-join this case, I leave it to Judge Pollak to decide whether any additional sanctions may be appropriate for his discovery violations or failure to obey court orders.